NOT DESIGNATED FOR PUBLICATION

No. 123,598

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC CHRISTOPHER HEDRICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; PENNY R. MOYLAN, judge. Opinion filed January 21, 2022. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Eric Hedrick appeals his conviction for domestic battery, claiming the evidence presented at trial was not sufficient to support the district court's findings at the bench trial. After carefully reviewing the record and the parties' arguments, we affirm.

M.W. and Hedrick began dating in early 2020, and shortly thereafter, she and her children moved into Hedrick's apartment. Yet the new relationship did not last; it ended in mid-May. The events surrounding that breakup led to Hedrick's domestic-battery charge, though Hedrick and M.W. provided different explanations at trial for what occurred.

1

M.W. testified that Hedrick told her to move out following an argument. When she returned home from work one evening, she found her belongings outside Hedrick's apartment. She loaded some of her things into her car and left, later returning to pick up the rest of her belongings. She explained that she began retrieving those items while talking to her mother on the phone. At some point, Hedrick approached and slapped her with the back of his hand, cutting her lip. Before Hedrick went back inside, M.W. told him she could not believe he had hit her, and her mother called the police.

Hedrick provided a different account of these events. He explained that M.W. said she was going to leave, so he packed up her children's bedding and placed it outside his apartment so he would not have to talk to her when she arrived. M.W. came by Hedrick's apartment after work, took the bedding, and left; she later returned for the rest of her belongings. Hedrick testified that he helped M.W. collect her things, placing them in trash bags outside the apartment, and M.W. began taking the bags while talking on the phone. Hedrick eventually learned M.W. was talking to her mother. He reached his hand out and asked to speak to her mother, but M.W. slapped his hand away. Hedrick explained that as he turned away, M.W. said that she could not believe he had hit her; Hedrick responded that he had not hit her and went inside.

The State charged Hedrick with domestic battery under K.S.A. 2020 Supp. 21-5414(a)(2), a class B misdemeanor. The case proceeded to a bench trial. After M.W. and Hedrick testified, the district court found the State proved Hedrick and M.W. were in a romantic relationship and were living together, and that Hedrick was an adult. Crediting M.W.'s testimony, the court found Hedrick guilty of domestic battery. It then sentenced him to 6 months' unsupervised probation with an underlying 30-day jail term.

Hedrick appeals, challenging the sufficiency of the evidence supporting his conviction. Appellate courts review sufficiency challenges to determine whether a

rational fact-finder, viewing the evidence in a light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt. When doing so, appellate courts do not reweigh the evidence, resolve evidentiary conflicts, or make credibility assessments. *State v. Williams*, 308 Kan. 1439, Syl. ¶ 1, 430 P.3d 448 (2018).

K.S.A. 2020 Supp. 21-5414(a)(2) prohibits knowingly causing physical contact, when done in a rude, insulting, or angry manner, "with a person with whom the offender is involved or has been involved in a dating relationship or a family or household member." A "dating relationship" in this context is "a social relationship of a romantic nature." K.S.A. 2020 Supp. 21-5414(e)(1). And "family or household members" are persons at least 18 years old who currently or have previously lived together. K.S.A. 2020 Supp. 21-5414(e)(2).

To obtain a conviction, Hedrick argues the State had to prove that he and M.W. were in a dating relationship *and* that they were family or household members. Hedrick asserts that there was no evidence to show he was at least 18 years old because the State never asked him for his date of birth, and thus the evidence was insufficient to show the contact occurred with a member of his family or household. We find Hedrick's argument unpersuasive for two reasons.

First, K.S.A. 2020 Supp. 21-5414(a)(2) is phrased in the disjunctive—it requires proof of offending contact with a person "involved in a dating relationship *or* a family or household member." (Emphasis added.) The State was only required to prove one of these options, not both. Hedrick does not challenge the court's finding that he and M.W. were in a dating relationship. And he does not assert the statute's distinction between a dating relationship and family or household members creates an alternative means issue. Accord *State v. Dority*, 50 Kan. App. 2d 336, Syl. ¶ 2, 324 P.3d 1146 (2014) (no alternative means issue exists when case is tried before a single fact-finder), *rev. denied*

3

301 Kan. 1048 (2015). Because there was evidence at trial that Hedrick and M.W. were in a dating relationship, sufficient evidence supports his conviction.

Second, even though it was not necessary given the evidence of the dating relationship, there was evidence presented to show Hedrick and M.W. were household members over 18 years of age. In particular, M.W. testified that she was 28 years old when the breakup occurred, and though she could not recall Hedrick's specific age, he was older than 18. Contrary to Hedrick's assertions, the State was not required to ask for Hedrick's date of birth—the State only needed to prove he was at least 18 years old at the time of the offense. It did so through M.W.'s testimony.

There was sufficient evidence presented at trial to show Hedrick and M.W. were in a dating relationship. And the evidence showed that they were both at least 18 years old when they lived together, reflecting that they were household members within the meaning of K.S.A. 2020 Supp. 21-5414. Either way, the evidence is sufficient to support Hedrick's conviction for domestic battery.

Affirmed.